JCJ

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Gameon Scruggs

vs.

The City of Philadelphia
Department of Human
Service

CIVIL ACTION NO.

FILED
APR 23 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

**COMPLAINT**

Criminal Charges-
Chapter 47. fraud and false statements
1038. false information and hoax.
Attachments to further complaint request

Gina [signature]
127 n. Wilton Street
Philadelphia, PA 19139

Complaint summary

In The United States District Court for the eastern district of Pennsylvania

Gemeena Scruggs

      V.

The city of Philadelphia department of human service

Re-file a new action

The complaint for civil action number 08-cv-1255 has been dismissed because under Fed. R. Civ. P 4(m) so re-filing the entire action. The compliant has change substantially from the previous dismissal on case number 08-cv-1255. Criminal charges under Title 18 part 1 Chapter 63 &1347 healthcare fraud, Title 18 part 1 chapter 65 &1365 Tampering with consumer products, Title 18 Part 1 Chapter 19 & 371 Conspiracy to commit offense or to defraud United States, Title 18 Part 1 Chapter 25 & 505 Seal of courts; signature of judges or court officers, Title 18 Part 1 Chapter 25 & 514 Fictitious obligations.

Lynne Butler- Terminated and criminal charge/ the city of Philadelphia department of human service

Deborah D. Council -Terminated and criminal charge/ the city of Philadelphia department of human service

Marlo Thomas- Terminated and criminal charge/ the city of Philadelphia department of human service

Keisha Adams -Terminated and criminal charge/ the city of Philadelphia department of human service

Stephanie Davis -Terminated and criminal charge/ the city of Philadelphia department of human service

Fern-Brown Caplan Esq. - Investigation Family court 34 s. 11 street Philadelphia pa

Spring Scruggs —Criminal charges 127 n. Sickle street Philadelphia pa 19139

Alice Moremo-Terminated and criminal charges/ the city of Philadelphia department of human service

David Rodgers- Criminal charges 1346 foulkrod Apt 7 street Philadelphia pa

Leon Mayo- Terminated Criminal charges /community council for mental retardation and mental health 4900 Wyalusing Ave. Philadelphia pa 19139

Gina Sweet —Comlie Terminated and Criminal charges/ community council for mental retardation and mental health 4900 Wyalusing Ave. Philadelphia Pa 19139

And Dyewou Scruggs and Gemeena Scruggs name expunge from the city of Philadelphia department of human service



April 1, 2009

Complaint Summary

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GEMEENA SCRUGGS

V.

THE CITY OF PHILADELPHIA DEPARTMENT OF HUMAN SERVICE

CIVIL ACTION NO. 08-CV-01255

09-CV-1437

In this extension to the complaint already previously submitted. I have found that the case against Community Council for mental health and mental retardation have brought something information into light with the verification of medical recorders and assessment papers. The once 2 allegation have turn into 3, 12/15/05, 3/18/08, and 1/28/09. Each allegation involves either ligations that were name in either a case in the United States District Court for the Eastern district of Pennsylvania or family court. David Rodgers, Gina Sweet-Comlie and Leon Mayo are the three individual that made the anonymous calls. Request for the subpoenaing of anonymous callers. 31 U.S.C. § 3730(h)

Each worker never contacted anyone other then family which is a byus for both child and mother. Thirty days is the mandate time frame for investigation of abuse. There has never been a show of evidence on the behalf of abuse. (A) mental or emotional injury to a child that results in an observable and material impairment in the child's growth, development, or psychological functioning;

(B) causing or permitting the child to be in a situation in which the child sustains a mental or emotional injury that results in an observable and material impairment in the child's growth, development, or psychological functioning;

(C) physical injury that results in substantial harm to the child, or the genuine threat of substantial harm from physical injury to the child, including an injury that is at variance with the history or explanation given and excluding an accident or reasonable discipline by a parent, guardian, or managing or possessory conservator that does not expose the child to a substantial risk of harm;

(D) failure to make a reasonable effort to prevent an action by another person that results in physical injury that results in substantial harm to the child;

(E) sexual conduct harmful to a child's mental, emotional, or physical welfare, including conduct that constitutes the offense of continuous sexual abuse of young child or children under Section 21.02, Penal Code, indecency with a child under Section 21.11, Penal Code, sexual assault under Section 22.011, Penal Code, or aggravated sexual assault under Section 22.021, Penal Code;

(F) failure to make a reasonable effort to prevent sexual conduct harmful to a child;

(G) compelling or encouraging the child to engage in sexual conduct as defined by Section 43.01, Penal Code;

(H) causing, permitting, encouraging, engaging in, or allowing the photographing, filming, or depicting of the child if the person knew or should have known that the resulting photograph, film, or depiction of the child is obscene as defined by Section 43.21, Penal Code, or pornographic;

(I) the current use by a person of a controlled substance as defined by Chapter 481, Health and Safety Code, in a manner or to the extent that the use results in physical, mental, or emotional injury to a child;

(J) causing, expressly permitting, or encouraging a child to use a controlled substance as defined by Chapter 481, Health and Safety Code; or

(K) causing, permitting, encouraging, engaging in, or allowing a sexual performance by a child as defined by Section 43.25, Penal Code.

(2) "Department" means the Department of Family and Protective Services.

(3) "Designated agency" means the agency designated by the court as responsible for the protection of children.

(4) "Neglect" includes:

(A) the leaving of a child in a situation where the child would be exposed to a substantial risk of physical or mental harm, without arranging for necessary care for the child, and the demonstration of an intent not to return by a parent, guardian, or managing or possessory conservator of the child;

(B) the following acts or omissions by a person:

(i) placing a child in or failing to remove a child from a situation that a reasonable person would realize requires judgment or actions beyond the child's level of maturity, physical condition, or mental abilities and that results in bodily injury or a substantial risk of immediate harm to the child;

(ii) failing to seek, obtain, or follow through with medical care for a child, with the failure resulting in or presenting a substantial risk of death, disfigurement, or bodily injury or with the failure resulting in an observable and material impairment to the growth, development, or functioning of the child;

(iii) the failure to provide a child with food, clothing, or shelter necessary to sustain the life or health of the child, excluding failure caused primarily by financial inability unless relief services had been offered and refused;

     (iv) placing a child in or failing to remove the child from a situation in which the child would be exposed to a substantial risk of sexual conduct harmful to the child; or

     (v) placing a child in or failing to remove the child from a situation in which the child would be exposed to acts or omissions that constitute abuse under Subdivision (1)(E), (F), (G), (H), or (K) committed against another child; or

    (C) the failure by the person responsible for a child's care, custody, or welfare to permit the child to return to the child's home without arranging for the necessary care for the child after the child has been absent from the home for any reason, including having been in residential placement or having run away.

  (5) "Person responsible for a child's care, custody, or welfare" means a person who traditionally is responsible for a child's care, custody, or welfare, including:

   (A) a parent, guardian, managing or possessory conservator, or foster parent of the child;

   (B) a member of the child's family or household as defined by Chapter 71;

   (C) a person with whom the child's parent cohabits;

   (D) school personnel or a volunteer at the child's school; or

   (E) personnel or a volunteer at a public or private child-care facility that provides services for the child or at a public or private residential institution or facility where the child resides.

  (6) "Report" means a report that alleged or suspected abuse or neglect of a child has occurred or may occur.

  (7) "Board" means the Board of Protective and Regulatory Services.

Civil false claims and qui tam action:

  These actions were held to benefit the father term in custody and the abuse of fraud on the behalf of The City of Philadelphia Department of Human Service. The Jurisdiction involving custody was transpired by Fern Brown-Caplan Esq. which is another ligature that was added to the roster of individuals. In the first complaint 4/4/08 at family court Lynne Butler was and individual that showed up at the hearing, when there is an emergency petition filed no one is suppose to be in the room but both parents. <u>Wilton v. Seven Falls Co., 515 US 277 (1995)</u> and <u>General Electric Co. v. Joiner, 522 US 136 (1997)</u>. Investigation that shows qualification between Dyewou Scruggs and Gemeena Scruggs were clear on the behalf of evidence and


why the allegation were proven to show just cause § 1817. Assessments(c) Data sharing with other agencies and persons.—

(1) Documentation of this review shall be maintained in the case records from 12/15/05, 3/18/08, 1/28/09.

(c) The review of the family service plan shall include the elements listed in subsection (a) as well as the following

(1) An assessment of the progress made toward alleviating the conditions necessitating service.

A statement that safety plan was developed with the family for each child in the family and the date on which this plan was establish

Deborah D. Council and Marlo Thomas declared that the allegation were deviant on the behalf of the father collaborating when the child was with him for 2 days before the contact call to the city of Philadelphia Department of Human Service. Contents: Historical overview of the false claims act liability under the false claims act—damages and penalties under false claims act-the qui tam provision- Practice and procedure under the false claims --state and municipal civil / false claims acts

Contempt of court

&226 general statement

Improper conduct tending directly or indirectly to impede or to defeat the administration of justice is contempt. Credibility on the behalf of court order child shall be enrolled in an appropriate school placement but as of 3/17/09 Dyewou still attends Community Council for mental health & Mental Retardation Inc.

Guardians ad item in criminal court reauthorization of the child abuse prevention and treatment act: hearing before the subcommittee on select education of the committee on education and labor, house of representatives, one hundredth congress, first session, hearing held in New York, NY April 3, 1987 The City of Philadelphia Department of Human Service qualification to conclude on a investigation.

(a) Staff report to the president's commission on the accident at Three Mile Island: report of the emergency preparedness and response task force. (Exhibit A) e-mail from the commissioner office knows court order.

A treatise on contempt, including civil and criminal contempt, of judicial tribunals justices of the peace, legislative bodies, municipal boards, committees, notaries, commissioners, referees and other officers exercising judicial and quasi__judicial function.



The city of Philadelphia department of human service, the review of the family service plan shall include the elements listed in subsection (a) as well as the

Following:

(1) The county agency shall provide copy of the service plan, upon initial completion and on each occasion that the service plan is revised to the following parties within five days of approval by the county agency supervisor which the supervisor Stephanie Davis, Alice Moremo I requested on the behalf of the courts, subpoena all assessments made on Gemeena Scruggs and Dyewou Scruggs and none of these individual that I have encounter at The city of Philadelphia's department of Human Service are license psychologist just social workers and subpoena in the assessment and recorder at family court 34 s. 11 street the case number 0C0290046.

(2) 5301 Declaration of policy
The general assembly declares that it is the public policy of this commonwealth, when in the best interest of the child to assure a reasonable and continuing contact of the child with both parents after a separation of dissolution of the marriage and the sharing of the rights and responsibilities of child rearing by both parents and continuing contact of the child or children with grandparents when a parents is deceased, divorced or separated.
Additional charges with the previous complaint filed 3/19/08 of harassment on the city of Philadelphia department of human services in abusing the civil and criminal contempt judicial tribunal's justices of the peace, legislative body's municipal boards, committees.
Exhibit (b) polices report filed on 2/20/09 after emergency petition hearing were Fern Brown-Caplan said that custody paper stays in effect and even if changes were made how did David Rodgers get his custody paper a day after when on the envelope and on the court order the date stamp 2/24/09
Exhibit (c) court order
Exhibit (d) letter from the city of Philadelphia department of human service, I never met with Keisha Adams that's not my address that's Spring Scruggs addresses.
Exhibit (e) envelope mailed to my address that address when I received the custody papers.

<u>Seeking Judgment for :</u>

1. Lynne Butler Terminated and criminal charges brought up chapter 47-fraud and false statements & 1038. False information and hoax; & 371 Conspiracy to commit offense or defraud United States
2. Deborah D. Council Terminated and criminal charges brought up for chapter 47-fraud and false statements & 1038.
3. Marlo Thomas Terminated and criminal charges brought up for chapter 47-fraud and false statements & 1038.
4. Keisha Adams Terminated and criminal charges brought up for chapter 47-fraud and false statements & 1038. False information and hoax; & 371 Conspiracy to commit offense or defraud United States

*[signature]*



# CONTACT INFORMATION SHEET

Civil Action No.: _____

Name: __Gemecon Scruggs__
(Please print)

Address: __1270 Wilton St__
__Philadelphia, PA 19139__

Phone #: __215-834-6519__
(Include area code)

E-mail address: __gemecua10@yahoo.com__